## THE ANCHORIA.

### MULVANA et al. v. THE ANCHORIA.

(Circuit Court of Appeals, Second Circuit. December 1, 1897.)

#### No. 14.

SHIPPING—NEGLIGENCE—INJURY TO PASSENGER.

The existence of a wet place on the floor about the water cooler in the steerage, caused by carelessness of passengers in using the cooler, is not proof of such negligence as will render the ship liable for personal injuries caused by the slipping of the steward thereon so as to spill hot gruel upon a passenger. The probability of such an accident is too remote to make the failure to keep the floor constantly dry negligence in the protection of passengers. 77 Fed. 994, affirmed.

Appeal from a decree of the district court for the Southern district of New York, which dismissed the libel of James Mulvana, for himself and as father of his infant, Patrick Mulvana. who were passengers on board the steamship Anchoria, against the vessel, to recover damages for injuries to the son which were alleged to have been received in consequence of the negligence of the steerage steward of the vessel while on her voyage. 77 Fed. 994.

E. B. Whitney, for appellant.

C. C. Burlingham, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The general account of the injury is stated by the district judge as follows:

"On the evening of September 22, 1894, about 8 o'clock, the libelant's son, about three years of age, a passenger, with his father and mother, on board the steamer Anchoria, from Londonderry to this port, while sitting on the star-

board side of the starboard table in the steerage, near the forward end, at his evening meal, was scalded upon the face and neck by the splashing of hot gruel from the bucket in which the steward was supplying it to the steerage passengers."

The libelants' witnesses say that, as the steward was passing around the end of the bench upon which the child was sitting, he slipped and fell, and, in falling, hit the bucket against the end of the bench, so as to throw the hot gruel upon the right side of the neck and face of the child. They say that he slipped and fell upon a wet place upon the floor, which was caused by the drip from a water cooler which was near by, in the corner of the steerage, and at the right hand of the child. The steward's account of the occurrence is that as he was passing in the rear of the table, and after he had served the child, one of two little girls who were at play behind the tables ran against the bucket, in a little lurch of the ship, so as to splash its contents upon him and the child. The district judge did not find definitely which version was correct, but, assuming that the cause of the accident was a slip upon the wet floor, did not think that a case of negligence was made out. It is true that there was a dripping from the water cooler, which was caused, as the father says, because the children, who went there to quench thirst, did not turn the faucet so that the water could not drip. The steerage passengers also threw the slops of tea, which they had made for themselves, into the pail under the faucet. Each morning the wet place was scrubbed and dried, and a pail was placed under the faucet, but the pail was sometimes, in the course of the day, moved out of place. We agree with the district judge that the cause of the slip is not clear from the testimony, but, as the witnesses for libelant are in the majority, we are willing to assume that it was caused or was aided by a wet floor, which was wet by the passengers' careless use of the water cooler and the pail.

The libelant invokes the proper and rigorous obligations of care and caution which the law imposes upon carriers of passengers for hire, and which are stated in Pennsylvania Co. v. Roy, 102 U. S. 451, Steamboat Co. v. Brockett, 121 U. S. 637, 7 Sup. Ct. 1039, and The City of Panama, 101 U. S. 462, and says that the carelessness of the steward in permitting the existence of a wet spot upon the floor was an act of negligence which renders the ship liable. It is probably true that a carrier of passengers for hire is bound to use care to overcome or obviate the known ordinary carelessness of the passengers, and, if a wet floor was dangerous, it would not be an adequate excuse for not guarding against the danger that it was caused by their known and continuous carelessness. The reason which excuses liability for this accident was presented by the district judge, and it is that no danger was to be apprehended, and that the danger of a grown man's slipping by reason of a wet spot upon the floor, and hurting a passenger in his fall, was so remote that the failure to keep the floor in a state of perpetual dryness, while it may be evidence that passengers were not prevented from a disagreeable tendency to a lack of neatness, is no evidence of negligence on the part of the officers or stewards of the ship in the protection of passengers against injury. The decree of the district court is affirmed, with costs of this court.